IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE ENRIQUE NUNEZ, III,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-2343 |
| | : | |
| DERRICK FISHER, *et al.*,<br>    Defendants. | :<br>: | |

## MEMORANDUM

**McHUGH, J.**                                                                              **JUNE 17, 2021**

Jose Enrique Nunez, III, a pretrial detainee at Berks County Prison ("BCP"), has filed a civil rights action alleging First and Fifth Amendment claims. Named as Defendants are two BCP correctional officers, Derrick Fisher and Jeremy Schoenor, Patrick Barrett, a Judge of the Berks County Court of Common Pleas, and Craig Snyder, a public defender. Fisher and Schoenor are named in their individual capacities, while Judge Barrett and Snyder are named in their official capacities. Nunez has also filed a Motion to proceed *in forma pauperis*. For the following reasons, the Court will grant the Motion and the case will be dismissed in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    FACTUAL ALLEGATIONS

Mr. Nunez's allegations are not entirely clear. Other than conclusory allegations that he has been subjected to "Berks Corruption" by the "Berks Corruption OGF,"[1] Nunez appears to assert that he was falsely accused of assaulting Defendant Fisher, and received a fraudulent preliminary hearing on the charges, in which Defendant Schoenor "didn't TESTIFY during the

---

[1] Nunez states that "OGF" is an acronym for "Old God Father" but he does not explain the reference. (ECF No. 2 at 5.)

hearings. . . ." (ECF No. 2 at 5 (capitalization in original).)[2] He also alleges he has been housed in the Restricted Housing Unit for an extended period of time but does not assert that any named Defendant was involved in the decision to place him there. (*Id.*) He asserts his "maxout date is August 19, 2021 anything after that I'm held kidnapped." (*Id.*) The only relief Nunez seeks is to be transferred to a different jail.

A review of public records indicates that Mr. Nunez is currently detained following his arrest on charges of aggravated assault of a correctional officer, simple assault, and harassment. *See Commonwealth v. Nunez*, CP-06-CR-0001518-2020 (C.P. Berks). Those charges remain pending after arraignment hearings were conducted on July 29, 2020 and September 22, 2020. *Id.* Judge Barrett is the Common Pleas Court Judge assigned to the case and Defendant Snyder is representing Nunez as his public defender. (*Id.*) The record reflects that Judge Barrett has conducted monthly status hearing on the case. (*Id.*)

## II. STANDARD OF REVIEW

Because it appears that Nunez cannot pay the filing fee, the Court grants him leave to proceed *in forma pauperis*.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] However, as Nunez is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

*Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice.  *Id.*  As Stephany is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief.  *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011).  In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims."  *Garrett*, 938 F.3d at 93 (citation omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue."  *Id.* at 93-94.  The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits."  *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8."  *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted).  Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise

3

unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### III.   DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, that provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### A.   Claims Against Judge Barrett

Mr. Nunez has named Judge Barrett as a Defendant and brings claims against him in his official capacity as a Berks County Common Pleas Court judge. Suits against officials acting in their official capacities are really suits against the employing government agency. *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). The Berks County Court of Common Pleas is part of Pennsylvania's unified judicial system. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). As such, the official capacity claim against Defendant Barrett is a claim against the Commonwealth.

The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). However, state

officials may be sued in their official capacities where the plaintiff seeks prospective injunctive relief to stop an ongoing violation of federal law.  *See Ex parte Young,* 209 U.S. 123 (1908); *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002).  Courts reason that injunctions against state officials actively violating federal laws are "'necessary to vindicate the federal interest in assuring the supremacy of that law,'" despite the Constitution's prohibition against suits against the state.  *Koslow v. Pennsylvania*, 302 F.3d 161, 178 (3d Cir. 2002) (quoting *Green v. Mansour*, 474 U.S. 64, 68 (1985)).  In *Koslow*, the Third Circuit held that because "the Eleventh Amendment has not been interpreted to bar a plaintiff's ability to seek prospective relief against state officials for violations of federal law," a plaintiff may sue a state official for ongoing violations of the Americans with Disabilities Act.  *Id.* at 178.

To avoid the bar of the Eleventh Amendment, however, "[t]he relief sought must be prospective, declaratory, or injunctive relief governing an officer's future conduct and cannot be retrospective, such as money damages."  *MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 506 (3d Cir. 2001) (citing *Pennhurst State Sch. & Hosp.,* 465 U.S. at 102.  "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective."  *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002) (alteration in original) (citation omitted).  Nunez's requested relief, to be transferred to a different jail, is not a request for prospective injunctive relief for a continuing violation of federal law.  He fails to allege any continuing violation or state how a transfer will prevent any such violation.  Moreover, the requested relief is not prospective since it bears no connection with the allegedly fraudulent preliminary hearings Nunez contends Judge Barrett conducted in the past.

To the extent that Mr. Nunez's claim for injunctive relief against Judge Barrett can be liberally construed to allege a claim against the Defendant in his personal capacity, that claim would also fail.  The only allegations arguably involving Judge Barrett is Nunez's claim that he conducted a fraudulent preliminary hearing on the charges pending against Nunez because Defendant Schoenor was not called to testify.  That claim is not plausible.

Except in very limited circumstances, judges are immune from personal-capacity suits for injunctive relief. In 1996, Congress amended 42 U.S.C. § 1983 to provide that "injunctive relief shall not be granted" in an action brought against a judicial official for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable."  See *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (citing 42 U.S.C. § 1983); *see also* 42 U.S.C. § 1983 (abrogating in part *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984) (which held that judicial immunity is not a bar to prospective injunctive relief against a judge acting in his or her judicial capacity)); *Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 197-98 (3d Cir. 2000) (observing that the 1996 amendment "implicitly recognizes that declaratory relief is available in some circumstances, and then limits the availability of injunctive relief to circumstances in which declaratory relief is unavailable or inadequate").  The 1996 amendment was not intended to alter the availability of declaratory relief against judicial officers.  See *Brandon E.*, 201 F.3d at 198.

As the Third Circuit recognized in *Brandon E.*, claims like the one Nunez seeks to pursue against Judge Barrett are improper where the judge acted as an adjudicator rather than an enforcer or administrator of a statute.  *Id.*, 201 F.3d at 199.  Nunez's claim for injunctive relief is barred by judicial immunity and must be denied because the claim is based on the Defendant's adjudicative role in Nunez's criminal case.  Moreover, there is no allegation that Judge Barrett

6

violated a declaratory decree or that declaratory relief is not unavailable. Accordingly, the claim against Judge Barrett will be dismissed with prejudice.

### B.     Claims Against Defendant Snyder

Other than list Defendant Snyder in the caption of the Complaint, Nunez makes no allegations concerning how Snyder violated his civil rights. It appears that Nunez has named Snyder as a Defendant, sued in his official capacity, based on his role as Nunez's public defender in the "fraudulent" hearing. So construed, the claim is not plausible.

The public docket indicates that Snyder is Nunez's public defender. Public defenders are not state actors "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted). Their employing entities, *i.e.*, public defender's offices, have been treated similarly in this context. *See Dorn v. Aguilar*, 645 F. App'x 114, 115 (3d Cir. 2016) (per curiam) ("As explained by the District Court, Dorn did not state a claim for relief against his public defender and the public defender's office because neither is a state actor for purposes of § 1983."); *see also Gannaway v. PrimeCare Med., Inc*, 652 F. App'x 91, 95 (3d Cir. 2016) (per curiam) ("We also conclude that the District Court properly granted summary judgment to the defendants on Gannaway's claims against the Berks County Public Defender's Office and the appointed lawyers who represented him in criminal proceedings" (citing *Polk Cty.*)). To the extent the claim can be liberally construed to allege a personal capacity claim against Snyder, that claim also is not plausible since, as just stated, a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk Cty.*, 454 U.S. at 325. "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp.,*

7

*Inc.*, 184 F.3d 268, 277 (3d Cir. 1999).  Because Snyder is not a state actor, the § 1983 claim against him is dismissed with prejudice.

      **C.**     **Claims Against Defendants Fisher and Schoenor**

Defendants Fisher and Schoenor are named in their individual capacities.  Although it is not entirely clear, Mr. Nunez appears to assert in a conclusory fashion that Fisher falsely accused him of assault and Schoenor violated his rights by not testifying at Nunez's preliminary hearings.  As noted, conclusory allegations are not sufficient to assert plausible civil rights claims.  *Iqbal*, 556 U.S. at 678.  Moreover, because Nunez offers no other allegations to explain how these individuals acted to violate his civil rights, the claims fail to satisfy Rule 8.  Specifically, Nunez has not provided a short and plain statement showing that he is entitled to the injunctive relief he seeks, namely a transfer to a different institution.  He also fails to allege that either Fisher or Schoenor can provide that relief or that the requested relief in any way relates to his claims.  Finally, it is well-settled that prisoners have no inherent constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment.  *See Wilkinson v. Austin*, 545 U.S. 209, 221-22 (2005) (holding that the Constitution does not give rise to liberty interest in avoiding transfers to more adverse conditions of confinement); *Lane v. Tavares*, Civ. A. No. 14-991, 2016 WL 7165750, at *16 (M.D. Pa. July 12, 2016) (same).  Accordingly, even if Nunez had alleged a claim that satisfied Rule 8, he would not be entitled to the specific relief he seeks, namely a transfer to a different jail.

However, because the Court cannot say at this time that Nunez can never state plausible claims against Fisher or Schoenor for any other form of relief, the claims against them will be dismissed without prejudice and Nunez will be granted an opportunity to amend his claims if he can cure the defects the Court has identified and allege plausible claims against Fisher and

9

Schoenor.  An appropriate Order follows dismissing the claims against Defendants Barrett and Snyder with prejudice, dismissing the claims against Defendants Fisher and Schoenor without prejudice, and providing further instructions on filing an amended complaint.

**BY THE COURT:**

/s/ Gerald Austin McHugh

**GERALD A. McHUGH, J.**